UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLINE M. WILSON-MCCLAIN,

      **Plaintiff,**

v.                                        **Civil Action No. 3:15cv541**

SPECIALIZED LOAN SERVICING, LLC,
ASSURANT FIELD ASSET SERVICES,
and
JOHN DOES 1–10,

      **Defendants.**

## <u>MEMORANDUM OPINION</u>

This matter comes before the Court on three motions: (1) the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] filed by Defendant Specialized Loan Services, LLC ("SLS"), (ECF No. 6), (2) the Motion to Remand filed by Plaintiff Charline Wilson-McClain, proceeding *pro se,* (ECF No. 12); and, (3) the Motion to Vacate Foreclosure Judgment also filed by Wilson-McClain, (ECF No. 14.)  Wilson-McClain failed to file a response to the Motion to Dismiss, and the time to do so has expired.[2]  SLS responded to both the Motion to Remand and the Motion to Vacate. (ECF Nos. 7, 15.)  Wilson-McClain did not file replies, and the time to do so has expired.  The matters are ripe for disposition.  The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332.[3]  The Court dispenses with oral argument because the materials before the

---

[1] Federal Rule of Civil Procedure 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted."

[2] SLS provided Wilson-McClain with appropriate notice pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975).  (Mot. Dismiss 2, ECF No. 12.)

[3] Section 1332 confers subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  For purposes of diversity

.

Court adequately present the facts and legal contentions, and argument would not aid the decisional process.

For the reasons that follow, the Court will grant the Motion to Dismiss; deny the Motion to Remand; and, deny the Motion to Vacate. The Court will dismiss the Complaint, giving Plaintiff an opportunity to amend her complaint.

## I.  Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

jurisdiction, Wilson-McClain is a citizen of Virginia; SLS is a citizen of Delaware and Illinois; Assurant Field Asset Services ("Assurant") is a citizen of Florida; and, Atlantic is a citizen of Virginia. (Jurisdictional Statement 1–2, ECF No. 11.) The Court disregards the citizenship of the nominal parties John Does 1–10. 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded."). The Notice of Removal notes that the purchase price of the property at issue is $277,147.62. (Not. Removal 2–3, ECF No. 1.)

Wilson-McClain filed a Motion to Remand "for lack of jurisdiction." Although her jurisdictional arguments also lack clarity, the Court must decide whether subject matter jurisdiction exists.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those that "show" a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted).

3

Wilson-McClain attaches to her Complaint an August 14, 2009 Note between Branch Banking & Trust and Charline M. McClain and William E. McClain (the "Note"). (ECF No. 1-2.) SLS also attaches the Note to its Motion to Dismiss, along with an August 14, 2009 deed of trust (the "Deed of Trust"). (ECF Nos. 13-1, 13-2.) No party contests the authenticity of these documents. Wilson-McClain refers to both the Note and the Deed of Trust in the Complaint.[4] Deeming these two documents central to the claims, the Court will consider the Note and the Deed of Trust. *See Witthohn*, 164 F. App'x at 396–97 (citations omitted).

## II.  Procedural and Factual Background

### A.      Summary of Allegations in the Complaint[5]

The Complaint lacks logical flow, rendering Wilson-McClain's claims difficult to discern.  At base, Wilson-McClain contends that the Defendants, especially Atlantic and SLS, engaged in wrongful conduct by threatening to begin foreclosure proceedings on the Property.[6] Wilson-McClain neither disputes nor admits that she defaulted on her loan.  She instead scatters

---

[4] Wilson-McClain purports to refer to a number of exhibits throughout her Complaint. The Notice of Removal had only one attachment:  the Note.  In its Notice of Removal, SLS represented that no other documents existed in the Hanover County Circuit Court file.

[5] For purposes of this motion, the Court assumes the well-pleaded factual allegations in the Complaint to be true and views them in the light most favorable to Wilson-McClain. *See Matkari*, 7 F.3d at 1134.  The Court also will follow its duty to construe this *pro se* pleading liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

That said, the Court also will remember that a *pro se* plaintiff must nevertheless allege sufficient facts to state a cause of action. *Id.* (citing *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996)).  The Court cannot act as a *pro se* litigant's "advocate and develop, sua sponte, statutory and constitutional claims" that the litigant failed to raise on the face of the complaint. *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

[6] Wilson-McClain alleges no facts showing that a foreclosure sale happened, or even whether such event was scheduled.  While SLS suggests that a foreclosure sale occurred on February 5, 2015, SLS offers no documents in support of this assertion. Plaintiff's claims stem only from the threat of foreclosure, so the Court will not assume that a sale occurred. *Witthohn*, 164 F. App'x at 396–97 (citations omitted).

legal terms associated with various doctrines throughout her Complaint (and her motions), seeking to challenge a foreclosure action taken, or threatened, against her. The Complaint contains unattributed quotes or legal citations, including record cites to exhibits not filed. *See supra* note 4. Wilson-McClain also fails to elucidate the roles played by the many entities she mentions in her Complaint.[7]

Construing the complaint liberally, however, Wilson-McClain contends the following: On August 14, 2009, she and another person entered into a mortgage loan with Branch Banking and Trust Company ("BB&T") to purchase the property at 7256 Loralea Drive in Mechanicsville, Virginia (the "Property"). The Note, dated the same day, evinced the loan. The Deed of Trust, also dated August 14, 2009, secured the Note and appointed BB&T-VA Collateral Service Corporation (BB&T-VA") as trustee. At some point, BB&T and Atlantic transferred their rights under the Deed of Trust to Morgan Stanley Mortgage Capital Holdings LLC. SLS, in its role as noteholder and loan servicer, sent Wilson-McClain several notices about payments she owed pursuant to the Deed of Trust. In 2012, Atlantic was appointed substitute trustee. Thereafter, Atlantic began foreclosure proceedings on the Property.

The Complaint lists only one cause of action. However, heeding the obligation to construe the Complaint liberally, the Court interprets Wilson-McClain to raise three claims:

Count I:   Breach of fiduciary duty by Atlantic for lack of impartiality, failing to conduct due diligence, and by initiating a foreclosure action against Wilson-McClain;

---

[7] For example, although she includes Assurant in the caption as a defendant, Wilson-McClain offers just two passing references to Assurant in the Complaint: once to claim that it conducts business in Virginia and once to aver that the "Lender" had it enter her property to remove items. (Compl. 1, 3, 5.) Conversely, Wilson-McClain does not name Atlantic in the caption, but refers to Atlantic as a "defendant" in the Complaint. (Compl. 4, 6–7.)

5

Count II:   Breach of Contract by SLS; and,

Count III:   Fraud against SLS and Atlantic.

The same spirit of liberal construction requires the Court to find that Wilson-McClain has named SLS, Atlantic, and John Does 1–10 as defendants.[8] Wilson-McClain seeks the following relief from her claims: (1) compensatory and punitive damages; (2) injunctive relief to protect or grant relief from the foreclosure sale; and, (3) declaratory judgment that SLS has no interest in the Property, and that the Deed of Trust is a "nullity"; and, (4) an order that the Deed of Trust be "stricken from the land records." (Compl. 9.)

**B.    Procedural History**

In response to the Complaint, SLS filed its first motion to dismiss. Wilson-McClain filed her Motion to Remand. SLS opposed the Motion to Remand. After examining the Complaint and the Notice of Removal, the Court denied without prejudice SLS's first motion to dismiss; took under advisement the Motion to Remand; and, ordered SLS to file a statement regarding this Court's subject matter jurisdiction.

On August 10, 2016, SLS filed its Jurisdictional Statement. That same day, SLS properly filed a revised Motion to Dismiss. Wilson-McClain did not respond. On August 26, 2016, Wilson-McClain filed her Motion to Vacate. SLS responded to the Motion to Vacate. Wilson-McClain did not file replies, and the time to do so has expired. For the reasons that follow, the

---

[8] Despite its prominence in the style of the case, no liberal reading of the Complaint can establish Assurant as a defendant. Assurant is not listed on the note or the Deed of Trust. Wilson-McClain's cursory and isolated statement that the "Lender" had Assurant enter her property to remove items does not plausibly allege any element of the three claims ascertained by liberally reading the Complaint. Nor does she specifically name Assurant at all when discussing her "Cause I," (Compl. 6–7), or her "Causes of Action" and prayer for relief, (Compl. 8–9).

6

Court will grant SLS's Motion to Dismiss, and will deny Wilson-McClain's Motion to Remand, and Motion to Vacate. The Court will dismiss the Complaint, allowing leave to amend.

### III. Analysis: SLS Motion to Dismiss

Attempting to invoke several theories, Wilson-McClain contends that the scheduled foreclosure on the Property was unlawful. To recover her losses for the alleged failures, she filed her Complaint against the Defendants.

### A. Wilson-McClain Fails to State a Claim for a Breach of Fiduciary Duty Against Atlantic, the Substitute Trustee

Wilson-McClain fails to state a claim for breach of fiduciary duty against Atlantic because she cannot identify such a duty within the Deed of Trust. Further, she has no standing to challenge the appointment of Atlantic, the substitute trustee. Pending determination of Wilson-McClain's motions, the Court will dismiss Count I.

### 1. Wilson-McClain Does Not Allege Duties Articulated in the Deeds of Trust

A deed of trust gives rise to certain fiduciary duties. *Carter v. Countrywide Home Loans, Inc.*, No. 3:07cv651, 2008 WL 4167931, at *11 (E.D. Va. Sept. 3, 2008) (Dohnal, J.). However, "deeds of trust are treated under the same principles as contracts, and the trustee only owes those duties that are listed in the deed of trust itself." *Id.* A trustee under a deed of trust has no due diligence duty and owes only duties listed in the deed of trust. *Horvath v. Bank of N.Y., N.A.*, Civil Action No. 1:09cv1129, 2010 WL 538039, at *1 (E.D. Va. Jan. 29, 2010) (Trenga, J.) (dismissing breach of trustee's fiduciary duty claim and finding that plaintiff did not allege any such duties existed in the deed of trust or facts establishing impartiality). Wilson-McClain fails to identify a fiduciary duty, including any duty of impartiality, within the Deed of Trust before the Court. Because Atlantic has no duty of impartiality, even a liberal construction of Wilson-

McClain's claim that Atlantic violated that fiduciary duty by initiating a foreclosure against her, the borrower, cannot proceed.[9]  Accordingly, Wilson-McClain cannot state a claim for a breach of fiduciary duty against Atlantic, the substitute trustee.

### 2. Wilson-McClain Lacks Standing to Challenge Appointment of the Substitute Trustee

To the extent that she attempts to challenge the appointment of Atlantic, the substitute trustee, Wilson-McClain lacks standing.  She is neither a party to the appointment nor the intended beneficiary of the appointment. *Bennett v. Bank of Am., N.A.*, No. 3:12cv34, 2012 WL 1354546, at *7 (E.D. Va. Apr. 18, 2012) (noting that "the validity of the assignment does not affect *whether* [a] [b]orrower owes its obligations, but only *to whom* [a] [b]orrower is obligated" (alterations in original) (citation omitted)); *Wolf v. Fed. Nat'l Mortg. Ass'n*, 830 F. Supp. 2d 153, 161 (W.D. Va. 2011), *aff'd*, 512 F. App'x 336 (4th Cir. 2013).  Because Wilson-McClain lacks standing to challenge the appointment of Atlantic, the substitute trustee, even construing all issues of law and fact in her favor, any claim based on such appointment fails.[10]  *Hartley*, 187 F.3d at 424.

### B. Wilson-McClain Has Not Stated a Claim for Breach of Contract Against SLS Because Her Spartan Complaint Alleges No Viable Theory, and Even the Most Broad Construction of Her Claim Founders

Wilson-McClain fails to state a claim for breach of contract by SLS because even a liberal construction of the Complaint fails to state a claim upon which relief can be granted. Pending determination of her motions, the Court will dismiss Count II.

---

[9]  Wilson-McClain does not appear to include SLS in her breach of fiduciary duty count. If she did, however, her claim against SLS would falter for similar reasons that her claim against Atlantic falters.

[10]  In any event, the Deed of Trust expressly provides for the appointment of substitute trustees.

## 1. Standard for Breach of Contract Under Virginia Law

To state a claim for breach of contract under Virginia law, a plaintiff must plausibly allege: (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of the obligation; and, (3) an injury or harm caused by the defendant's breach. *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004).

### a. Wilson-McClain Does Not Identify a Legally Enforceable Obligation that SLS Owed Her

First, Wilson-McClain's breach of contract claim does not identify which contract SLS allegedly breached. Wilson-McClain's complaint fails to allege that SLS owed her any legally enforceable obligation. In the spirit of liberal construction, however, the Court will construe Wilson-McClain's complaint as alleging a breach of contract under the Note.

### b. Wilson-McClain Does Not Allege that SLS Breached Its Obligations Under the Note

Even construing Wilson-McClains's claims to be based on obligations SLS owed her under the Note, she states no claim for breach of contract because she does not allege any breach of the obligations SLS owed her in the Note. Liberally construed, Wilson-McClain asserts that SLS breached its duty to "show [her] the security instrument which is the original Note, and identify its relationship with the owner of the Note." (Compl. 5.) The Court interprets this statement to mean that Wilson-McClain asserts a so-called "show me the note" claim. That claim fails as a matter of law.

Courts uniformly reject "show me the note" claims as lacking in merit. *Grenadier v. BWW Law Group,* No. 1:14cv827, 2015 WL 417839, at *5 (E.D.Va. Jan. 30, 2015) (noting that causes of action premised on alleged refusal to produce original promissory notes are "widely rejected."). Virginia law does not require that a noteholder demonstrate its authority or standing

to act pursuant to the terms of the note or deed of trust before enforcing the note and deed of trust by, *inter alia*, pursuing non-judicial foreclosure. *Grenadier*, 2015 WL 417839, at *5 ([C]laims regarding defendants' failure to produce the Note before foreclosure are not cognizable under Virginia law."); *see also Hien Pham v. Bank of N.Y.*, 856 F. Supp. 2d 804, 810 (E.D. Va. 2012) ("Virginia law unequivocally disallows a 'show me the note' claim against a noteholder" and "similar 'show me the noteholder's authority' claims against [a deed of trust's nominal beneficiary and trustee].") Because Virginia law does not require production of a note prior to foreclosure, Wilson-McClain cannot sustain a claim for breach of contract by alleging that SLS failed to produce the Note.[11]

Having construed Wilson-McClain's filing liberally, the Court need not reach further to develop statutory claims that Wilson-McClain failed to raise on the face of the complaint. *See Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014). Wilson-McClain fails to state a claim for breach of contract.

### C.   Wilson-McClain Has Not Stated a Claim for Fraud Against SLS or Atlantic Because She Does Not Meet the Heightened Pleading Standard for Fraud

Wilson-McClain fails to state a claim for fraud because the Complaint does not meet the heightened standard for pleading fraud under federal law. Pending determination of her motions, the Court will dismiss Count III.

---

[11] Wilson's incorrect belief that Virginia is a "judicial foreclosure state," (Compl. 7), may explain why she asserts this misguided claim. Contrary to the assertions in Wilson-McClain's Complaint, Virginia is a *non-judicial* foreclosure state. Va. Code § 55-59(7); *see also Horvath v. Bank of N.Y., N.A.*, 641 F.3d 617, 623 n.3 (4th Cir. 2011) ("Virginia is a non-judicial foreclosure state. As Virginia law provides, in the event of default on a deed of trust, the trustee 'shall forthwith declare all the debts and obligations secured by the deed of trust at once due and payable and may take possession of the property and proceed to sell the same at auction' without any need to first seek a court decree.") (quoting Va. Code § 55-59(7)). Thus, Virginia law does not require foreclosing entities to produce the foreclosure-related documents Wilson-McClain references in her Complaint. (*See* Compl. 4.)

### 1.    **Standard for Pleading Fraud**

Under Virginia law, a claim for fraud requires:  "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, [and] (5) reliance by the party misled, . . . (6) resulting [in] damage to [that] party." *Bennett*, 2012 WL 1354546, at *6 (alterations and omissions in original) (quoting *State Farm Mut. Auto. Ins. Co. v. Remley*, 618 S.E.2d 316, 321 (Va. 2005)).  Additionally, Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  These circumstances are the "'time, place[,] and contents of the false representation, as well as the identity of the person making the misrepresentation and what he [or she] obtained thereby.'" *Bennett*, 2012 WL 1354546, at *7 (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)).

### 2.  **Wilson-McClain Fails to Meet the Heightened Pleading Standards to State a Claim for Fraud Against SLS or Atlantic**

The Court will grant the Motion to Dismiss Count III.  Wilson-McClain fails to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applicable to fraud claims because the Complaint lacks "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation." *Kellogg Brown & Root, Inc.*, 525 F.3d at 379 (citation omitted) (internal quotation marks omitted); Fed R. Civ. P. 9(b).  The Complaint lacks any allegations of a single misrepresentation by SLS or Atlantic, much less "the who, what, when, where, and how" of the fraud they perpetrated. *Kellogg Brown & Root, Inc.*, 525 F.3d at 379 (citation omitted).  Pending determination of her other motions, the Court will grant the Motion to Dismiss Count II.

## IV. Analysis: Wilson-McClain's Motion to Remand

The Court will deny Wilson-McClain's Motion to Remand because Atlantic has been fraudulently joined. The Court must disregard its citizenship for purposes of subject matter jurisdiction.

### A. Removal Jurisdiction

Title 28, United States Code § 1441(a)[12] permits a defendant to remove a civil action to a federal district court if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). Section 1446 delineates the procedure for removal, including the requirement that the defendant file a notice of removal in the district court and the state court. *See generally* 28 U.S.C. § 1446(a), (d). The state court loses jurisdiction upon the removal of an action to federal court. 28 U.S.C. § 1446(d) ("[T]he State court shall proceed no further unless and until the case is remanded.").

"The party seeking removal bears the initial burden of establishing federal jurisdiction." *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). No presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction. *Id.* (citing *Pinkley Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)). Courts must construe removal jurisdiction

---

[12] Section 1441(a) provides in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

strictly. *Id.* (citing *Mulcahey*, 29 F.3d at 151.) "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey*, 29 F.3d at 151.)

Federal diversity jurisdiction, which the Court examines in this case, requires complete diversity of citizenship. *Id.* at \*2 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)); *see also* 28 U.S.C. § 1332(a)(1). "[T]he 'citizenship of each plaintiff [must be] diverse from the citizenship of each defendant.'" *Abraham*, 2011 WL 1790168, at \*2 (second alteration in original) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

### B. The Fraudulent Joinder Doctrine

The fraudulent joinder doctrine operates as an exception to the complete diversity requirement, permitting a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, and dismiss the nondiverse defendants, thereby retaining jurisdiction. *Id.* (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). "To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Id.* The Court is not bound by the allegations in the pleadings, but can consider the entire record. *Mayes*, 198 F.3d at 464.

**C.      Because Wilson-McClain Cannot State a Claim Against Atlantic, Atlantic Is Fraudulently Joined and the Court Disregards its Citizenship**

In this case, even resolving all issues of law and fact in Wilson-McClain's favor, no possibility exists that Wilson-McClain would be able to establish a cause of action in state court, under Virginia law, against Atlantic. *Hartley*, 187 F.3d at 424. SLS satisfies the heavy burden required to establish fraudulent joinder. *Id.* As discussed above, Wilson-McClain has not stated a claim against Atlantic. Accordingly, Atlantic has been fraudulently joined. The Court will disregard Atlantic's citizenship for diversity purposes and dismiss it from the case.[13]

For purposes of diversity jurisdiction, a natural person's citizenship is the state of his or her domicile, *see Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998), while the citizenship of a limited liability company's members determines its citizenship, *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citation omitted). Disregarding Atlantic's citizenship because it was fraudulently joined, complete diversity exists among the parties.[14] Wilson-McClain is a natural person domiciled in Virginia; SLS is an LLC with citizenship for diversity purposes in Delaware and Illinois; and, Assurant, presuming it were a properly named defendant, is an LLC with citizenship for diversity purposes in Florida. Therefore, complete diversity exists among the remaining parties.

---

[13] Because Atlantic was fraudulently joined, this Court may dismiss Atlantic *sua sponte*. *See Mayes v. Rappaport*, 198 F.3d 457, 461 (4th Cir. 1999) ("[The fraudulent joinder] doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over the case, *dismiss the nondiverse defendants*, and thereby retain jurisdiction.") (emphasis added); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

[14] As the party who sought removal, SLS bears the burden of establishing that federal jurisdiction exists. *See Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

14

Finally, for diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Wilson-McClain's complaint alleges damages resulting from foreclosure, or the threat of foreclosure, of her house. Her home was financed for $277,147.62. Therefore, the amount in controversy sufficiently satisfies the requirements of § 1332(a).

The Court will deny Wilson-McClain's Motion to Remand.

### V. Analysis: Wilson-McClain's Motion to Vacate

The Court will deny Wilson-McClain's Motion to Vacate Foreclosure Judgment for two reasons. First, Wilson-McClain fails to plausibly allege that a foreclosure judgment has been entered. Second, even if this Court were to infer from SLS's suggestion that a February 2015 foreclosure occurred (and, extrapolating further, led to a judgment), under the so-called *Rooker-Feldman* Doctrine, this Court would lack jurisdiction to review the final state court decision: the foreclosure judgment in this case.

### A.    The *Rooker-Feldman* Doctrine

Although neither of the parties addressed the *Rooker-Feldman* doctrine, the *Rooker-Feldman* doctrine is a jurisdictional doctrine that the Court may raise *sua sponte*. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 195 (4th Cir. 2002). The *Rooker-Feldman* doctrine prohibits United States District Courts "with the exception of habeas corpus actions, from sit[ting] in direct review of state court decisions." *Jordahl v. Dem. Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231 (4th Cir. 2013) (quoting *Johnson v. De Grandy*, 512 U.S. 997,

1005–06 (1994)); *see also Dunlap*, 290 F.3d at 196 ("Federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'" (quoting *Jordahl*, 122 F.3d at 202)). Rather, "jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately," the Supreme Court of the United States. *Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997).

> The controlling question in the *Rooker-Feldman* analysis is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision, not whether the state court judgment is presently subject to reversal or modification. Put another way, if "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual," *Rooker-Feldman* is implicated.

*Jordahl*, 122 F.3d at 202 (quoting *Ernst v. Child & Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997). "Under the *Rooker-Feldman* doctrine, lower federal courts may not consider either 'issues actually presented to and decided by a state court' or 'constitutional claims that are inextricably intertwined with questions ruled upon by a state court.'" *Dunlap*, 290 F.3d at 196 (quoting *Plyler*, 129 F.3d at 731).

### B. This Court Lacks Jurisdiction to Review a State Court Entry of Foreclosure

Wilson-McClain asks this Court to "Vacate Foreclosure Judgment that the Defendant's [sic] received." (Pl.'s Mot. Vacate 1.) Even liberally construing this claim, it fails.

#### 1. Wilson Does Not Plausibly Allege That a Foreclosure Judgment Has Been Entered

In her motion, Wilson-McClain does not identify or attach as an exhibit any state court judgment. Still, this Court construes her motion liberally as requesting this Court to vacate a foreclosure judgment against her. *See Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). In opposition, SLS explicitly states that "no such judgment exists in the dockets of the Circuit Court or General District Court of Hanover County, Virginia." (Def.'s Opp. to Pl.'s Mot.

16

Vacate 1, Ex. 1, ECF No. 15-1.)  Wilson-McClain's conclusory allegations give significant

pause.  Even a *pro se* plaintiff must plausibly allege the basis of a claim.  Here, if no judgment

exists, this Court has nothing to vacate, which vitiates Wilson-McClain's final motion.[15]

However, for the reasons stated below, the Court need not rest on the failure to plead that a

judgment exists.

### 2. Even if the Final Foreclosure Judgement Exists, this Court Lacks Jurisdiction, Under the *Rooker-Feldman* Doctrine, to Review That Final State Court Judgment

In the end, even if a foreclosure judgment against Wilson-McClain existed, this Court

would not have jurisdiction to vacate it.  *See Ruiz v. Nationstar Mortgage LLC*, No. 1:12cv272,

2013 WL 4519180 at *3 (M.D.N.C. Aug. 26, 2013) *aff'd* 556 F. App'x 271 (4th Cir. 2014)

("Plaintiff's remedy for these and the other alleged defects in the state foreclosure proceeding

was to appeal through the state judicial system and then seek review in the Supreme Court of the

United States.  This Court lacks subject matter jurisdiction to review the state court's order.").

---

[15] Indeed, Wilson-McClain's Motion to Vacate suffers from an even greater defect.  SLS correctly identifies in its Brief in Opposition that, "[n]early all of Plaintiff's argument in her Motion is taken from the recent opinion of the Supreme Court of Virginia in *Parrish v. Fannie Mae*, 787 S.E.2d 116 (Va. 2016)."  (Def.'s Opp. to Pl.'s Mot. Vacate 2.)

On review, Wilson-McClain's entire motion, aside from the opening and closing paragraphs, directly quotes—without quotation marks or attribution—from the *Parrish* opinion.  Wilson-McClain merely adds the phrase "and the United States District Court for the Eastern District of Virginia" and replaces the name of the defendant in the *Parrish* opinion.  *Parrish* addresses the issue of whether a state circuit court had subject matter jurisdiction to hear a de novo appeal from a state general district court in an unlawful detainer action.  *See Parrish*, 787 S.E.2d 116.  That case bears no relation to any matter before this Court, and Wilson-McClain added no comment or argument attempting to tie the co-opted language from *Parrish* to her claims.

The Court cannot tolerate such frivolous submissions, even given Plaintiff's *pro se* status.  By filing irrelevant and unattributed text, Wilson-McClain's Motion to Vacate not only fails to "set forth the relief or order sought," but it also fails to state at *all*, much less "with particularity," the grounds for granting any relief.  *See* E.D. Va. Loc. Civ. R. 7(A).  Wilson-McClain is ADVISED that such conduct risks sanctions.

Thus, in order to vacate any foreclosure *judgment*, this Court would necessarily have to "determine that the [state] court judgment was erroneously entered," and the *Rooker-Feldman* doctrine would divest this Court of jurisdiction to grant Wilson-McClain's motion. The Court will therefore deny the Motion to Vacate. Thus, all findings with respect to the SLS Motion to Dismiss will enter.

## VI.  Conclusion

For the foregoing reasons, the Court will grant SLS's Motion to Dismiss; will deny Wilson-McClain's Motion to Remand; and, will deny Wilson-McClain's Motion to Vacate. The Court will dismiss the Complaint.

The Court further ORDERS that Wilson-McClain, if she wishes, must file an amended complaint within fifteen (15) days of the entry of this Order, stating the factual and legal bases supporting her claims. While the Court gives Wilson-McClain one more opportunity to present her case, it does so recognizing that her earlier pleadings have missed the mark to such a degree that SLS did not seek dismissal with prejudice frivolously. Wilson-McClain's *pro se* status and the interests of justice commend nonetheless allowing her one opportunity to present her claim before this Court. However, continued non-compliance with this Court's rules will not be tolerated. If Wilson-McClain engages in further contumacious conduct by filing frivolous motions that do not comply with the Federal Rules of Civil Procedure or the Local Rules of this District, Wilson-McClain risks the dismissal of her case with prejudice.

An appropriate Order shall issue.

_____
/s/
M. Hannah Lauck
United States District Judge

Date: 9 | 29 | 2016
Richmond, Virginia

18